UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN LEE LIPSCOMB-BEY, )
)
    Plaintiff, )
)
v. ) Case No. 24-cv-1360
)
LATOYA HUGHES, *et al.*, )
)
    Defendants. )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Dixon Correctional Center. (Doc. 7). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff names Michael D. Remmers (Adjustment Committee Chairman), Travis Baylor (Administrative Review Board Member), Areda Johnson (Chief Inspector of IDOC), and Carson (Counselor/Grievance Officer) as Defendants. Plaintiff did not name LaToya Hughes, Jennifer

1

Meaker, Tiffanie Clark, or Margaret Madole as Defendants in his Amended Complaint. Therefore, they are dismissed without prejudice.

Plaintiff appeared before the Adjustment Committee, chaired by Defendant Remmers, for a disciplinary hearing on August 9, 2022. Before the hearing, Plaintiff submitted a list of witnesses and their cell locations and sought a continuance so his witnesses could be interviewed. Defendant Remmers allegedly failed to contact Plaintiff's witnesses, and the Adjustment Committee found him guilty.

Upon receipt of the Adjustment Committee summary on August 22, 2022, Plaintiff filed a grievance. Plaintiff alleges that Defendant Carson denied his grievance without investigating his claims. Plaintiff appealed the denial of his grievance to the ARB on December 21, 2022. The ARB denied his grievance on January 9, 2023.

Plaintiff claims that the ARB's decision "does not and cannot e[n]compass the plaintiff simply because it addresses a 'john lipscomb.'" (Doc. 7 at p. 2). Plaintiff states that he is a "Moorish-American, Asiatic, Moslem" and that his last name is "Bey," not "Lipscomb." *Id.* Plaintiff alleges that Defendant Johnson provided him with Departmental Rule DR504.30, which explains the requirements for a valid ruling by the ARB. Plaintiff contends that when Defendant Baylor chose to discriminate against him by removing his last name, he was addressing someone other than the Plaintiff and "engaging in a racial and religious discriminatory act." *Id.* at p. 3.

Plaintiff alleges that Defendant Johnson responded to a letter addressed to the former IDOC Director on November 7, 2023. Plaintiff claims that Defendant Johnson "perpetuated the racial and religious discrimination" when she attempted to convince Plaintiff the ARB did nothing wrong. *Id.*

Plaintiff alleges he was housed in the restrictive housing unit from August 7, 2022, until August 26, 2022. He claims that he "suffered multiple forms of mental anguish, including anxiety as a direct result of his being denied the same amount of library afforded to similarly situated prisoners…." *Id.* Plaintiff claims the Defendants' "efforts to take away his name and lawful heritage [i]s equivalent to a patient undergoing major surgery without the benefit of anesthesia." *Id.* at pp. 3-4.

## ANALYSIS

Plaintiff alleges Defendant Remmers violated his due process rights by failing to interview his witnesses before he was convicted at an Adjustment Committee hearing and placed in segregation. The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A protected liberty interest is implicated if, as a result of the disciplinary conviction, the prisoner's sentence is increased, as in the loss of good time credit, or where he is subjected to "atypical and significant hardship… in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020). Merely placing a prisoner in segregation does not amount to an atypical or significant change in

circumstances. *Lekas v. Briley*, 405 F.3d 602, 607-11 (7th Cir. 2005); *see Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) ("a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh") (citing *Whitford v. Boglino*, 63 F. 3d 527, 533 (7th Cir. 1995)).

Here, Plaintiff does not indicate whether his disciplinary charges were expunged, allege a loss of good time credits, or plead that he was held under atypical conditions in segregation. He pleads only that he was held in segregation for twenty days from August 7, 2022, until August 26, 2022. (Doc. 7 at pp. 1, 3). This is not enough to state a due process claim. *See Lekas*, 405 F.3d 610, 613 (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). Plaintiff fails to state a due process claim against Defendant Remmers.

Plaintiff alleges Defendant Carson mishandled his grievance and Defendant Baylor addressed him by the incorrect last name of "Lipscomb" instead of "Lipscomb-Bey." Defendant Johnson allegedly failed to correct the error. "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). Plaintiff fails to state a claim against Defendants Carson, Baylor, and Johnson.

4

Plaintiff's Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. It does not appear that Plaintiff can allege a constitutional claim based on these facts. Out of an abundance of caution, Plaintiff will have a FINAL opportunity to file a Second Amended Complaint. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Second Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed with prejudice.**

2) **Plaintiff did not name LaToya Hughes, Jennifer Meaker, Tiffanie Clark, or Margaret Madole as Defendants in his Amended Complaint. Therefore, they are DISMISSED WITHOUT PREJUDICE. The Clerk is directed to TERMINATE them as parties.**

ENTERED: 3/5/2025

s/ James E. Shadid  
James E. Shadid  
United States District Judge
