IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JOHN LEE LIPSCOMB-BEY,
    Plaintiff,

v.

LATOYA HUGHES, *et al.*,
    Defendants.

Case No. 1:24-cv-01360-JEH

### Order

    Plaintiff, proceeding *pro se*, files a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Dixon Correctional Center. (Doc. 10). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### I

    Plaintiff alleges that he appeared before the Adjustment Committee, chaired by Defendant Michael Remmers, for a disciplinary hearing on August 9, 2022,

regarding a disciplinary report issued on August 7, 2022. Plaintiff alleges Defendant Remmers violated his due process rights by refusing to interview his witnesses. Plaintiff was found guilty and placed in the restrictive housing unit from August 7-26, 2022. During this time, Plaintiff alleges he was deprived of the same liberties as inmates in the general population. For instance, Plaintiff claims he was not allowed to spend as much time outside his cell, shower whenever he chose to, watch television or movies, listen to the radio, or attend religious services. Plaintiff claims he experienced abdominal pain and constipation due to the stress of being wrongfully confined to the restrictive housing unit.

Upon receipt of the Adjustment Committee summary on August 22, 2022, Plaintiff filed a grievance. Plaintiff alleges that Defendant Carlson, the grievance officer/counselor, denied his grievance without investigating his claims. Plaintiff alleges Defendant Carlson should have contacted Sergeant Whitely regarding his witness list to verify that five witnesses were prepared to testify.

Plaintiff appealed the denial of his grievance. On January 9, 2023, Defendant Travis Bayler, a member of the Administrative Review Board ("ARB"), allegedly denied his grievance under the wrong name of "John Lipscomb" instead of "John Lipscomb-Bey." Plaintiff, who is a "Moorish-American, Asiatic, Moslem," alleges that using the incorrect last name on the ARB's decision violated his constitutional rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1(a). (Doc. 10 at p. 3). Plaintiff alleges he sent a letter to IDOC Director Rob Jeffreys on September 21, 2023. Defendant Areda Johnson, the IDOC's Chief Inspector, responded to his letter and "attempt[ed] to convince the plaintiff that the discrimination displayed by (ARB) member Travis Bayler met the requirements of DR804.30…." *Id.* at p. 4. Plaintiff alleges Defendants Johnson and Bayler failed to correct his last name on the ARB's decision.

## II

Plaintiff alleges Defendant Remmers violated his due process rights by failing to interview his witnesses before rendering a decision following the Adjustment Committee hearing on August 9, 2022. The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A protected liberty interest is implicated if, as a result of the disciplinary conviction, the prisoner's sentence is increased, as in the loss of good time credit, or where he is subjected to "atypical and significant hardship… in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020). Merely placing a prisoner in segregation does not amount to an atypical or significant change in circumstances. *Lekas v. Briley*, 405 F.3d 602, 607-11 (7th Cir. 2005); *see Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) ("a liberty interest *may* arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh") (citing *Whitford v. Boglino*, 63 F. 3d 527, 533 (7th Cir. 1995)).

Once again, Plaintiff did not indicate whether his disciplinary charges were expunged, allege a loss of good time credit, or plead that he was held under atypical conditions. (*See* Doc. 8 at p. 4). He pleads only that he was held in the

3

restrictive housing unit for twenty days from August 7-26, 2022. During this time, he was deprived of the same privileges as inmates in the general population and experienced abdominal pain and constipation due to stress. This is not enough to state a due process claim. *See Lekas*, 405 F.3d 610, 613 (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). Plaintiff fails to state a due process claim against Defendant Remmers.

Plaintiff alleges Defendant Carlson failed to investigate the allegations in his grievances; Defendant Bayler addressed him by the incorrect last name of "Lipscomb" instead of "Lipscomb-Bey" in the ARB's decision; and Defendants Johnson and Bayler allegedly failed to correct the error. "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). Plaintiff fails to state a claim against Defendants Carlson, Bayler, and Johnson.

Plaintiff also claims that using the incorrect name of "Lipscomb" instead of "Lipscomb-Bey" on the ARB's decision violated his constitutional rights and RLUIPA. Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion. *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the

4

First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). "[A] substantial burden on the free exercise of religion ... is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." *Id.* (quoting *Koger v. Bryan*, 523 F.3d 789, 798-99 (7th Cir. 2008)).

Plaintiff has not established that eliminating "Bey" from his last name on the ARB's decision was intentional or done with nefarious intent to discriminate against him. Plaintiff does not allege that prison officials attempted to thwart his use of the grievance process by using the wrong last name or that the error caused him to serve additional time in the restrictive housing unit. Plaintiff has not demonstrated a substantial burden on the free exercise of his religion. He fails to state a constitutional claim or a violation of RLUIPA. § 2000cc-1(a).

Plaintiff's Second Amended Complaint is dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile because the facts do not support a constitutional violation. Additionally, Plaintiff has had three opportunities to allege a cognizable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Court finds that any further amendment would be futile because the facts do not support a constitutional violation. This case is closed. The Clerk is directed to enter a judgment.

2) This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as directed in the Court's prior Order. (d/e 10/1/2024).

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: April 4, 2025

s/Jonathan E. Hawley
U.S. District Judge